UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| TONY WU,<br><br>                Plaintiff,<br><br>    v.<br><br>CASTLIGHT HEALTH, INC., BRYAN ROBERTS, ED PARK, DAVID B. SINGER, MICHAEL EBERHARD, DAVID EBERSMAN, KENNY VAN ZANT, SETH COHEN, JUDITH K. VERHAVE, and MAEVE O'MEARA,<br><br>                Defendants. | Civil Action No.<br><br>**COMPLAINT FOR VIOLATIONS OF THE FEDERAL SECURITIES LAWS**<br><br>**JURY TRIAL DEMANDED** |

Plaintiff Tony Wu ("Plaintiff") by and through his undersigned attorneys, brings this action on behalf of himself, and alleges the following based upon personal knowledge as to those allegations concerning Plaintiff and, as to all other matters, upon the investigation of counsel, which includes, without limitation: (a) review and analysis of public filings made by Castlight Health, Inc. ("Castlight" or the "Company") and other related parties and non-parties with the United States Securities and Exchange Commission ("SEC"); (b) review and analysis of press releases and other publications disseminated by certain of the Defendants (defined below) and other related non-parties; (c) review of news articles, shareholder communications, and postings on Castlight's website concerning the Company's public statements; and (d) review of other publicly available information concerning Castlight and the Defendants.

## NATURE OF THE ACTION

1.    Plaintiff brings this action on behalf of himself against the Company and members of the Company's Board of Directors (the "Board" or the "Individual Defendants") for

violations of Sections 14(d)(4), 14(e) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. §§ 78n(d)(4), 78n(e), 78t(a), and SEC Rule 14d-9, 17 C.F.R. §240.14d-9(d) ("Rule 14d-9"), in connection with the proposed acquisition of the Company by Vera Whole Health, Inc. ("Vera") and Carbon Merger Sub, Inc. ("Purchaser"), a wholly-owned subsidiary of Vera.

2. On January 4, 2022, the Company entered into an Agreement and Plan of Merger (the "Merger Agreement") with Veran and Purchaser. Pursuant to the terms of the Merger Agreement, each Castlight common share issued and outstanding will be converted into the right to receive $2.05 per share in cash (the "Merger Consideration"). In connection with the Proposed Transaction, Purchaser commenced a tender offer to acquire all of Castlight's outstanding common stock and will expire on February 17, 2022.

3. On January 19, 2022, the Company filed an incomplete and materially misleading Recommendation Statement with the SEC (the "Recommendation Statement") in connection with the Proposed Transaction. The Recommendation Statement omits material information concerning the Proposed Transaction.

4. Accordingly, the failure to adequately disclose such material information constitutes a violation of Sections 14(d), 14(e) and 20(a) of the Exchange Act as Castlight's stockholders need such information in order to make a fully informed decision whether to tender their shares in support of the Proposed Transaction or seek appraisal.

5. As set forth more fully herein, Plaintiff seeks to enjoin Defendants from proceeding with the Proposed Transaction.

**JURISDICTION AND VENUE**

6. This Court has subject matter jurisdiction pursuant to Section 27 of the Exchange Act (15 U.S.C. § 78aa) and 28 U.S.C. § 1331 as Plaintiff alleges violations of Sections 14(d)(4), 14(e) and 20(a) of the Exchange Act

7. This Court has personal jurisdiction over all of the Defendants because each is either a corporation that conducts business in, solicits shareholders in, and/or maintains operations within, this District, or is an individual who is either present in this District for jurisdictional purposes or has sufficient minimum contacts with this District so as to make the exercise of jurisdiction by this Court permissible under traditional notions of fair play and substantial justice.

8. Venue is proper under 28 U.S.C. § 1391 because a substantial portion of the transactions and wrongs complained of herein occurred in this District.

**THE PARTIES**

9. Plaintiff has been the owner of the common stock of Castlight since prior to the transaction herein complained of and continuously to date.

10. Defendant Castlight is a Delaware corporation with its principal executive offices located at 150 Spear Street, Suite 400, San Francisco, California 94105. The Company's stock trades on the New York Stock Exchange under the ticker "CSLT."

11. Defendant Bryan Roberts ("Roberts") has been the Chairman of the Board of the Company at all times during the relevant time period.

12. Defendant Ed Park ("Park") has been a member of the Company's Board at all times during the relevant time period.

13. Defendant David B. Singer ("Singer") has been a member of the Company's Board at all times during the relevant time period.

14. Defendant Michael Eberhard ("Eberhard") has been a member of the Company's Board at all times during the relevant time period.

15. Defendant David Ebersman ("Ebersman") has been a member of the Company's Board at all times during the relevant time period.

16. Defendant Kenny Van Zant ("Zant") has been a member of the Company's Board at all times during the relevant time period.

17. Defendant Seth Cohen ("Cohen") has been a member of the Company's Board at all times during the relevant time period.

18. Defendant Judith K. Verhave ("Verhave") has been a member of the Company's Board at all times during the relevant time period.

19. Defendant Maeve O'Meara ("O'Meara") has been the Chief Executive Officer ("CEO") and a director of the Company at all times during the relevant time period.

20. Defendants Roberts, Park, Singer, Eberhard, Ebersman, Zant, Cohen, Verhave, O'Meara are collectively referred to herein as the "Individual Defendants."

21. Defendant Castlight, along with the Individual Defendants, are collectively referred to herein as "Defendants."

**SUBSTANTIVE ALLEGATIONS**

**Background of the Company**

22. Castlight, provides health navigation solutions for employers and health plan customers in education, manufacturing, retail, government, and technology industries in the United States. It provides Care Guidance Navigator that enables users to make better care

decisions and navigate the employer-sponsored healthcare benefit programs; Wellbeing Navigator, which helps to drive engagement across an employer's benefits program; Complete Health Navigator that combines the Wellbeing Navigator and Care Guidance Navigator packages for unified user experience; and Castlight Care Guides, a high-touch navigation service. The company also offers white-labeled health navigation solutions and embedded platform technology services. In addition, it provides implementation and marketplace services.

### The Company Announces the Proposed Transaction

23. On January 5, 2022, Castlight issued a press release announcing that the Company had entered an agreement in connection with the Proposed Transaction. The press release stated, in pertinent part:

> SAN FRANCISCO and SEATTLE, Jan. 5, 2022 /PRNewswire/ -- Castlight Health, Inc. ("Castlight") (NYSE: CSLT), a leading healthcare data and navigation company, and Vera Whole Health, Inc. ("Vera"), a pioneer in advanced primary care, today jointly announced an agreement under which the companies will combine. The combined company will integrate Castlight's market-leading technology with Vera's purpose-built clinics, health care professionals and strategic partnerships with local providers, with the potential to transform how patients access and engage with care, how providers deliver care, and how employers and other purchasers pay for care.
>
> The transaction, which has been unanimously approved by Castlight's Board of Directors, is valued at an equity value of approximately $370 million and will be structured as an all cash tender offer to acquire all outstanding shares of Castlight. Under the terms of the agreement, Vera will commence a tender offer to acquire all outstanding shares of Castlight Class A common stock and Class B common stock for $2.05 in cash per share, representing a 25% premium to the closing price as of January 4th, 2022, and a 35% premium to the 30-day volume weighted average share price. Clayton, Dubilier & Rice ("CD&R") funds, Vera's majority equity holder, have committed to invest up to $338 million to support the combination, and Anthem, Inc. ("Anthem"), a leading health company and long-time strategic customer of Castlight, will make an investment in the combined company.
>
> "We believe the combined company has a unique opportunity to deliver large scale innovation to the commercial customer segment and accelerate the

restructuring of the healthcare market to a stronger focus on value," said Ron Williams, Chairman of Vera and Operating Advisor to CD&R funds.

"Integrating our navigation data and technology with Vera's high quality primary care offering addresses the fundamental need for a coordinated and personalized patient experience, while enabling providers to improve outcomes and lower costs and employers to participate in full risk sharing for the first time," said Maeve O'Meara, Chief Executive Officer of Castlight. "We are thrilled to work with Vera and CD&R to open this new frontier of healthcare."

"Equipping our advanced primary care teams and our patients with Castlight's industry leading digital navigation and engagement capabilities enhances our ability to reduce total cost of care while improving the social, mental and physical health of our patients," said Ryan Schmid, Founder and Chief Executive Officer of Vera. "Personalizing care plans and engagement campaigns while providing our care teams and patients with quality and cost data will greatly enhance the patient journey and our ability to manage commercial populations."

"We believe this is a milestone for the healthcare system because of the way it merges benefits and care navigation, including digital touchpoints, into a patient's primary care relationship," said Ravi Sachdev, CD&R Partner, and member of Vera's Board of Directors. "We believe a combination of these two innovative companies will transform care in local markets across the country."

Bryony Winn, President of Anthem Health Solutions added, "We are excited at the potential of this unique combination to deliver a differentiated primary care experience by bringing a value-based care model to the commercial healthcare market."

Anthem joins Morgan Health, the JP Morgan Chase & Co business focused on the transformation of employee healthcare, and Central Ohio Primary Care, the largest independent physician owned primary care group in the country, as key strategic partners in the combined company. CD&R's initial investment in Vera was made in early 2021 and followed a series of investments in companies focusing on value-based care, including agilon health, Millennium Physician Group, and naviHealth.

The transaction is subject to regulatory approval, the tender of a majority of Castlight's outstanding shares of common stock, and other customary closing conditions. Upon completion of the transaction, Castlight will become a privately held company and shares of Castlight's Class B common stock will no longer be listed on any public market. The parties anticipate that the combination will be completed in the first quarter of 2022.

William Blair is serving as exclusive financial advisor to Castlight, and Fenwick & West LLP is serving as legal advisor. Kirkland & Ellis LLP is serving as legal advisor to Vera.

### FALSE AND MISLEADING STATEMENTS
### AND/OR MATERIAL OMISSIONS IN THE RECOMMENDATION STATEMENT

24. On January 19, 2022, the Company authorized the filing of the Recommendation Statement with the SEC. The Recommendation Statement recommends that the Company's stockholders tender their shares in favor of the Proposed Transaction.

25. Defendants were obligated to carefully review the Recommendation Statement prior to its filing with the SEC and dissemination to the Company's unitholders to ensure that it did not contain any material misrepresentations or omissions. However, the Recommendation Statement misrepresent and/or omit material information that is necessary for the Company's shareholders to make informed decisions concerning whether to tender their shares in favor of the Proposed Transaction.

#### Material False and Misleading Statements or Material Misrepresentations or Omissions Regarding Management's Projections

26. The Recommendation Statement contains financial projections prepared by senior members of Castlight's management in connection with the Proposed Transaction, but fails to provide material information concerning such.

27. The SEC has repeatedly emphasized that disclosure of non-GAAP projections can be inherently misleading, and has therefore heightened its scrutiny of the use of such projections.[1] Indeed, on May 17, 2016, the SEC's Division of Corporation Finance released new

---

[1] *See, e.g.*, Nicolas Grabar and Sandra Flow, Non-GAAP Financial Measures: The SEC's Evolving Views, Harvard Law School Forum on Corporate Governance and Financial Regulation (June 24, 2016), *available at* https://corpgov.law.harvard.edu/2016/06/24/non-gaap-financial-measuresthesecs evolving-views/; Gretchen Morgenson, Fantasy Math Is Helping Companies Spin Losses Into Profits, N.Y. Times, Apr. 22, 2016, available at

and updated Compliance and Disclosure Interpretations ("C&DIs") on the use of non-GAAP financial measures that demonstrate the SEC's tightening policy.[2] One of the new C&DIs regarding forward-looking information, such as financial projections, explicitly requires companies to provide any reconciling metrics that are available without unreasonable efforts.

28. In order to make management's projections included in the Recommendation Statement materially complete and not misleading, Defendants must provide a reconciliation table of the non-GAAP measures to the most comparable GAAP measures.

29. Specifically, with respect to each set of financial projections, the Company must disclose the line item projections for the financial metrics that were used to calculate the non-GAAP measures, including, but not limited to, all line items used to calculate: (i) Adjusted EBITDA; and (ii) Adjusted EBITDA Margin.

30. Disclosure of the above line item projections is vital to provide investors with the complete mix of information necessary to make an informed decision when deciding whether to tender their shares in connection with the Proposed Transaction.

### Material False and Misleading Statements or Material Misrepresentations or Omissions Regarding William Blair's Opinion

31. The Recommendation Statement contains the financial analyses and opinion of William Blair & Company, L.L.C. ("William Blair") concerning the Proposed Transaction but fails to provide material information concerning such.

---

http://www.nytimes.com/2016/04/24/business/fantasy-mathis-helping-companies-spin-ossesinto-profits.html?_r=0.

[2] Non-GAAP Financial Measures, Compliance & Disclosure Interpretations, U.S. SECURITIES AND EXCHANGE COMMISSION (May 17, 2017), *available at* https://www.sec.gov/divisions/corpfin/guidance/nongaapinterp.htm.

32. With respect to William Blair's *Selected Public Companies Analysis*, the Recommendation Statement fails to disclose the individual multiples and metrics for each of the companies observed by William Blair in its analysis.

33. With respect to William Blair's *Selected Precedent Transactions Analysis*, the Recommendation Statement fails to disclose the individual multiples and metrics for each of the specific transactions observed by William Blair in its analysis.

34. With respect to William Blair's *Discounted Cash Flow Analysis*, the Recommendation Statement fails to disclose: (i) the Company's terminal values; (ii) the inputs and assumptions underlying William Blair's use of perpetuity growth rate range of 2.0% to 4.0%; (iii) the inputs and assumptions underlying William Blair's use of a discount rates range of 10.0% to 12.0%; (iv) the weighted average cost of capital of the Company; (v) Castlight's net cash; and (vi) the implied total number of fully diluted Shares outstanding of Company common stock.

35. With respect to William Blair's *M&A Premiums Paid Analysis*, the Recommendation Statement fails to disclose: (i) each transaction observed by William Blair in the analysis; and (ii) the premiums paid.

36. When a banker's endorsement of the fairness of a transaction is touted to shareholders, the valuation methods used to arrive at that opinion as well as the key inputs and range of ultimate values generated by those analyses must also be fairly disclosed. Moreover, the disclosure of projected financial information is material because it provides stockholders with a basis to project the future financial performance of a company and allows stockholders to better understand the financial analyses performed by the company's financial advisor in support of its fairness opinion.

### Material False and Misleading Statements or Material Misrepresentations or Omissions Regarding Potential Conflicts of Interest of William Blair

37. The Recommendation Statement fails to disclose the timing and nature of the past services William Blair and/or its affiliates provided to the Company and its affiliates, including the amount of compensation received in connection with providing such services.

38. In addition, the Recommendation Statement fails to disclose the amount of compensation William Blair received or expects to receive in connection with the services provided to Clayton, Dubilier & Rice, LLC, an affiliate of Vera.

39. Without the above described information, the Company's shareholders are not fully informed with respect to the Proposed Transaction. Accordingly, in order to provide shareholders with a complete mix of information, the omitted information described above should be disclosed.

### COUNT I

### (Against All Defendants for Violations of Section 14(d) of the Exchange Act and Rule 14d-9 Promulgated Thereunder)

40. Plaintiff incorporates each and every allegation set forth above as if fully set forth herein.

41. Section 14(d)(4) of the Exchange Act and Rule 14d-9 promulgated thereunder makes it a requirement to make full and complete disclosure in connection with tender offers.

42. As discussed herein, the Recommendation Statement, while soliciting shareholder support for the Proposed Transaction, misrepresent and/or omit material facts concerning the Proposed Transaction.

43. Defendants prepared, reviewed, filed and disseminated the false and misleading Recommendation Statement to Castlight's shareholders. In doing so, Defendants knew or

recklessly disregarded that the Recommendation Statement failed to disclose material facts necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading.

44. The omissions and incomplete and misleading statements in the Recommendation Statement are material in that a reasonable shareholder would consider them important in deciding whether to tender their shares in favor of the Proposed Transaction. In addition, a reasonable investor would view such information as altering the "total mix" of information made available to shareholders.

45. By virtue of their positions within the Company and/or roles in the process and in the preparation of the Recommendation Statement, Defendants were undoubtedly aware of this information and had previously reviewed it, including participating in the Proposed Transaction negotiation and sales process and reviewing Castlight's financial advisor's complete financial analyses purportedly summarized in the Recommendation Statement.

46. The Individual Defendants undoubtedly reviewed and relied upon the omitted information identified above in connection with their decision to approve and recommend the Proposed Transaction.

47. Castlight is deemed negligent as a result of the Individual Defendants' negligence in preparing and reviewing the Recommendation Statement.

48. Defendants knew that Plaintiff and other shareholders would rely upon the Recommendation Statement in determining whether to tender their shares in favor of the Proposed Transaction.

49. As a direct and proximate result of Defendants' unlawful course of conduct in violation of Section 14(d)(4) of the Exchange Act and Rule 14d-9 promulgated thereunder,

absent injunctive relief from the Court, Plaintiff and other shareholders will suffer irreparable injury by being denied the opportunity to make an informed decision as to whether to tender their shares in favor of the Proposed Transaction.

50.     Plaintiff has no adequate remedy at law.

## COUNT II

### (Against All Defendants for Violation Of Section 14(e) of the Exchange Act)

51.     Plaintiff incorporates each and every allegation set forth above as if fully set forth herein.

52.     Defendants violated Section 14(e) of the Exchange Act by issuing the Recommendation Statement in which they made false statements of material fact or failed to state all material facts that would be necessary to make the statements made, in light of the circumstances, not misleading, or engaged in deceptive or manipulative acts or practices, in connection with the Proposed Transaction.

53.     Defendants knew that Plaintiff and the Company's shareholders would rely upon their statements made in the Recommendation Statement in determining whether to tender shares in favor of the Proposed Transaction.

54.     As a direct and proximate result of Defendants' unlawful course of conduct in violation of Section 14(e) of the Exchange Act, absent injunctive relief from the Court, Plaintiff and other shareholders will suffer irreparable injury by being denied the opportunity to make an informed decision as to whether to tender their shares in favor of the Proposed Transaction.

## COUNT III

### (Against the Individual Defendants for
### Violations of Section 20(a) of the Exchange Act)

55.     Plaintiff incorporates each and every allegation set forth above as if fully set forth herein.

56.     The Individual Defendants acted as controlling persons of Castlight within the meaning of Section 20(a) of the Exchange Act as alleged herein. By virtue of their positions as officers and/or directors of Castlight, and participation in and/or awareness of the Company's operations and/or intimate knowledge of the false statements contained in the Recommendation Statement filed with the SEC, they had the power to influence and control and did influence and control, directly or indirectly, the decision-making of the Company, including the content and dissemination of the various statements which Plaintiff contends are false and misleading.

57.     Each of the Individual Defendants were provided with or had unlimited access to copies of the Recommendation Statement and other statements alleged by Plaintiff to be misleading prior to and/or shortly after these statements were issued and had the ability to prevent the issuance of the statements or cause the statements to be corrected.

58.     In particular, each of the Individual Defendants had direct and supervisory involvement in the day-to-day operations of the Company, and, therefore, is presumed to have had the power to control or influence the particular transactions giving rise to the securities violations alleged herein, and exercised the same. The Recommendation Statement contain the unanimous recommendation of each of the Individual Defendants to approve the Proposed Transaction. They were thus directly connected with and involved in the making of the Recommendation Statement.

59. As set forth above, the Individual Defendants had the ability to exercise control over and did control a person or persons who have each violated Section 14(e) of the Exchange Act, by their acts and omissions as alleged herein. By virtue of their positions as controlling persons and the acts described herein, the Individual Defendants are liable pursuant to Section 20(a) of the Exchange Act.

60. As a direct and proximate result of Individual Defendants' conduct, Plaintiff will be irreparably harmed.

61. Plaintiff has no adequate remedy at law.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays for judgment and relief as follows:

A. Preliminarily and permanently enjoining Defendants and all persons acting in concert with them from proceeding with, consummating, or closing the Proposed Transaction;

B. Directing the Individual Defendants to disseminate an Amendment to the Recommendation Statement that does not contain any untrue statements of material fact and that states all material facts required in it or necessary to make the statements contained therein not misleading;

C. Directing Defendants to account to Plaintiff for their damages sustained because of the wrongs complained of herein;

D. Awarding Plaintiff the costs of this action, including reasonable allowance for Plaintiff's attorneys' and experts' fees; and

E. Granting such other and further relief as this Court may deem just and proper.

## DEMAND FOR TRIAL BY JURY

Plaintiff hereby demands a trial by jury.

Dated: February 4, 2022                    Respectfully submitted,

                                           By: /s/ Joshua M. Lifshitz
                                           Joshua M. Lifshitz
                                           Email: jml@jlclasslaw.com
                                           **LIFSHITZ LAW PLLC**
                                           1190 Broadway
                                           Hewlett, New York 11557
                                           Telephone: (516) 493-9780
                                           Facsimile: (516) 280-7376

                                           *Attorneys for Plaintiff*